UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES PLUNKETT, | No.  2:24-cv-1936 DAD CKD P |
| Plaintiff, | |
| v. | ORDER |
| W. VAUGHN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff complains about denial of medical care. Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id.

A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Id.

A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have

/////

1  known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see
2  McGuckin, 974 F.2d at 1060.
3       Plaintiff alleges she has been discriminated against because she is transgender.  The Equal
4  Protection Clause of the Fourteenth Amendment generally protects against unequal treatment as a
5  result of intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir.
6  1997).  In order state a claim for violation of the Equal Protection Clause, plaintiff has to allege
7  that she is being treated differently from others with whom she is similarly situated, and that the
8  unequal treatment is the result of intentional or purposeful discrimination.  Freeman v. Arpaio,
9  125 F.3d 732, 737 (9th Cir. 1997).
10      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
11 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
12 complaint be complete in itself without reference to any prior pleading.  This is because, as a
13 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
14 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
15 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
16 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
17      In accordance with the above, IT IS HEREBY ORDERED that:
18      1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
19      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
20 shall be collected and paid in accordance with this court's order to the Director of the California
21 Department of Corrections and Rehabilitation filed concurrently herewith.
22      3. Plaintiff's complaint is dismissed.
23      4. Plaintiff is granted thirty days from the date of service of this order to file an amended
24 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
25 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket
26 number assigned this case and must be labeled "Amended Complaint."  Failure to file an
27 /////
28 /////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 19, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
plun1936.14