1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES PLUNKETT,                        No.  2:24-cv-1936 DAD CKD P

12                Plaintiff,

13        v.                                  ORDER

14   W. VAUGHN, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  On September 19, 2024, plaintiff's complaint was dismissed with leave to file an amended

19   complaint.  Plaintiff has now filed an amended complaint.

20        The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25        After conducting the required screening, the court finds that plaintiff may proceed on

26   claims for denial of medical care in violation of the Eighth Amendment against defendants Lehil

27   and Baily.  Plaintiff has two options:  proceed on those claims or file a second amended

28   complaint in an attempt to cure deficiencies with respect to the other claims.  If plaintiff chooses

                                              1

1  to proceed on the claims described above, the court will construe this as a request to voluntarily

2  dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of

3  Civil Procedure.

4       If plaintiff elects to amend, plaintiff is informed as follows.  Plaintiff alleges she has been

5  discriminated against because she is transgender.  The Equal Protection Clause of the Fourteenth

6  Amendment generally protects against unequal treatment as a result of intentional or purposeful

7  discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  In order state a claim for

8  violation of the Equal Protection Clause, plaintiff has to allege that she is being treated differently

9  from others with whom she is similarly situated, and that the unequal treatment is the result of

10 intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).

11      Also, plaintiff must allege in specific terms how each named defendant is involved.  There

12 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

13 between a defendant's actions and actionable injury.  Rizzo v. Goode, 423 U.S. 362 (1976).

14 Vague and conclusory allegations of official participation in civil rights violations, such as

15 allegations against someone simply because they are a supervisor, are not sufficient.  Ivey v.

16 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

18 make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

19 complaint be complete in itself without reference to any prior pleading.

20      In accordance with the above, IT IS HEREBY ORDERED that:

21      1. Plaintiff has the option to proceed immediately on the claims described herein.  In the

22 alternative, plaintiff may choose to file a second amended complaint to fix the deficiencies

23 identified in this order with respect to the remaining claims.

24      2. Within 21 days from the date of this order, plaintiff shall complete and return the

25 attached Notice of Election form notifying the court whether she wants to proceed on the

26 screened amended complaint or whether she wants time to file a second amended complaint.

27 /////

28 /////

1   3.  If plaintiff fails to return the attached Notice of Election within the time provided, the

2 court will construe this failure as consent to dismiss the deficient claims and proceed only on the

3 cognizable claim identified above.

4 Dated:  March 20, 2025

5

                                       

6                CAROLYN K. DELANEY
                UNITED STATES MAGISTRATE JUDGE

7

8

9 1

10 plun1936.option

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10                              UNITED STATES DISTRICT COURT

11                       FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13     CHARLES PLUNKETT,                        No.  2:24-cv-1936 DAD CKD P

14            Plaintiff,

15     v.                                        NOTICE OF ELECTION

16     M. VAUGHN, et al.,

17            Defendants

18

19     **Check only one option:**

20     _____  1.  Plaintiff wishes to proceed on claims for denial of medical care in violation of the

21     Eighth Amendment against defendants Lehil and Baily; **OR**

22     _____  2.  Plaintiff wants time to file a second amended complaint.

23     DATED:

24

25                                              _____

26                                                     Plaintiff

27

28

                                              4